IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:14-cv-00538

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | **CONSENT DECREE** |
| | ) | |
| v. | ) | |
| | ) | |
| MIMS DISTRIBUTING COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Mims Distributing Company, Inc. discriminated against Christopher Alston in violation of Title VII when it failed to accommodate his sincerely held religious beliefs and failed to hire him because of his religion, Rastafarian. Defendant denies that it discriminated against Alston in violation of Title VII. Defendant enters this Consent Decree to settle disputed claims and its entry into this Consent Decree is not an admission of liability, wrongdoing, or fault in the allegations brought. Likewise, the Commission does not disavow the allegations in its complaint. The Commission's entry into this Consent Decree does not in any way imply or suggest that Defendant was in compliance with the law with respect to its dealings with Christopher Alston as alleged in this action.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 14 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.     Defendant shall not discriminate against any person on the basis of religion, including by failing to provide a reasonable accommodation, or any other protected category within the meaning of Title VII.

2.     Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.     Defendant shall pay Christopher Alston the sum of Fifty Thousand Dollars and no 100s ($50,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Christopher Alston. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Christopher Alston at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Christopher Alston. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties

2

and/or costs that Christopher Alston may or may not incur on such payments under local, state and/or federal law.

4.      Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination and religious accommodation policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide accommodation for sincerely held religious beliefs; procedures for employees to request religious accommodation; procedures for considering employees' request for religious accommodation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.  Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period.  Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

5.      During the term of this decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, in a place where it is visible to employees.  If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

6.      During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its

3

prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7.      Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8.      During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A.      the identities of all applicants or employees who have requested accommodation based on religion at Defendant's facilities, including by way of identification each person's name, address, telephone number,

position, and social security number;

B.      for each individual identified in 8.A. above, identify the specific accommodation requested, the date of the requested accommodation, and Defendant's response to the request;

C.      for each individual identified in 8.A. above, explain whether the individual was or was not hired or whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and

D.      for each individual who was not hired or whose employment status has changed as identified in 8.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

9.      The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees and examine and copy documents. The Commission may inspect Defendant's facility for the purpose of ensuring compliance with all posting provisions in this Decree without notice. If the Commission intends to interview employees and examine and copy documents, the Commission will provide forty-eight (48) hours prior notice to Defendant by email to chip.mims@mimsdistributing.com.

10.     If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

11.     The term of this Decree shall be for two (2) years from its entry by the Court.

5

12.     All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202.

13.     Each party shall bear its own costs and attorney's fees.

14.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


__January 24, 2015_____                                    Louis W. Flanagan
Date                                                                        Judge, U.S. District Court
                                                                                Eastern District of North Carolina


6

The parties jointly request that the Court approve and enter the Consent Decree:


**EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov


/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
katherine.zimmerman@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorney for Plaintiff*

**MIMS DISTRIBUTING COMPANY, INC., Defendant**

/s/ Kevin S. Joyner
Kevin S. Joyner
Ogletree, Deakins, Nash
  Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
kevin.joyner@ogletreedeakins.com
Phone: (919) 787-9700
Fax: (919) 783-9412
N.C. State Bar No. 25605
*Attorney for Defendant*

7

# EXHIBIT A
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT ) 
OPPORTUNITY COMMISSION, ) 
                 ) 
        Plaintiff, ) 
                 )     CIVIL ACTION NO. 5:14-cv-00538
        v. ) 
                 )     **EMPLOYEE NOTICE**
MIMS DISTRIBUTING COMPANY, INC., ) 
                 ) 
        Defendant. ) 
                 )

1.     This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Mims Distributing Company, Inc. in a case of discrimination based on religion. Specifically, the EEOC alleged that Mims Distributing Company, Inc. discriminated against Christopher Alston when it refused to accommodate Alston's religious beliefs, and failed to hire him because of his religion in violation of the Title VII of the Civil Rights Act of 1964 (Title VII). As part of the resolution of this matter, Mims Distributing Company, Inc. agreed to take certain action set out in the Consent Decree resolving this matter.

2.     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.

3.     Mims Distributing Company, Inc. will comply with such federal law in all respects. Furthermore, Mims Distributing Company, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2017.